# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MADELINE S. EWING,** ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 08-2024-KHV** |
| **BRIAN STUDDARD and** ) | |
| **TWA RESTAURANT GROUP,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## ORDER

Madeline S. Ewing, *pro se*, brings suit against Brian Studdard and TWA Restaurant Group. Plaintiff alleges discrimination (1) on the basis of race and sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and (2) on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.

On April 15, 2008, Magistrate Judge James P. O'Hara ordered plaintiff to show good cause in writing on or before April 21, 2008, why her case should not be dismissed with prejudice for lack of prosecution. See Notice And Order To Show Cause (Doc. #20). Specifically, Judge O'Hara noted that plaintiff had failed to cooperate in the development of a discovery and case management plan and that defendants and the Court had been unable to contact her. See id. at 1-2. Judge O'Hara cautioned plaintiff that her failure to actively participate in the case could cause the Court to dismiss her claims with prejudice such that she could not reassert them. See id. at 2. This matter comes before the Court on the letter dated April 22, 2008 (Doc. #21), which the Court construes as a response to the show cause order.

Rule 41(b), Fed. R. Civ. P., permits the Court to dismiss an action for lack of prosecution. By virtue of the need to manage the orderly and expeditious disposition of cases, the Court also

possesses the inherent power to dismiss sua sponte for lack of prosecution. Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962).

In her response to the Court's show cause order, plaintiff states that she has been unable to find an attorney and has been "busy with other employment." She further argues that the Court should not dismiss her case "because [she] was treated very badly [and] went [through] so much." Overlooking the tardiness of her response, the Court finds that plaintiff has not shown good cause for the failure to prosecute. She has not explained her unavailability or provided alternate contact information. More specifically, the response does not explain her failure to cooperate with defendants in the development of a discovery and case management plan. To this point, plaintiff has shown little regard for the Court's directives, and her response to the show cause order does not forecast any improvement. Under these circumstances, the Court dismisses plaintiff's claims without prejudice. See D. Kan. Rule 41.1 (where plaintiff does not show good cause for lack of prosecution, court "may enter order of dismissal which shall be with prejudice unless the court otherwise specifies").

**IT IS THEREFORE ORDERED** that plaintiff's claims be and hereby are **DISMISSED without prejudice**. The Clerk of the Court is directed to enter judgment in favor of defendants in this matter.

Dated this 12th day of May, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Court