**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **MADELINE S. EWING,**<br><br>**Plaintiff,**<br>**v.**<br><br>**BRIAN STUDDARD and**<br>**TWA RESTAURANT GROUP,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION**<br><br>**No. 08-2024-KHV** |

**MEMORANDUM AND ORDER**

Madeline S. Ewing, *pro se*, brings suit against Brian Studdard and TWA Restaurant Group. Plaintiff alleges discrimination (1) on the basis of race and sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and (2) on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. This matter comes before the Court on the Motion To Dismiss Defendant Brian Studdard (Doc. #34) filed June 5, 2008. Plaintiff has not responded. Under D. Kan. Rule 6.1(d)(2), plaintiff's response was due by June 30, 2008. Under D. Kan. Rule 7.4, "[i]f a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." For that reason and for reasons stated below, the Court sustains the motion.

Plaintiff's complaint names Studdard and TWA Restaurant Group and lists a single address for them as 16012 Metcalf Avenue, Suite 1, Overland Park, Kansas 66085. According to the records of the Kansas Secretary of State, that address is the mailing address of TWA Restaurant Group, Inc.,

a foreign corporation registered to do business in Kansas.[1] Studdard is TWA Restaurant Group's registered agent in Kansas. In his motion to dismiss, Studdard argues that he is not a proper defendant under Title VII and the ADEA because he is not an "employer" under those statutes.

The Tenth Circuit has recognized that "the language and structure of . . . Title VII . . . reflect[s] the legislative judgment that statutory liability is appropriately borne by employers, not individual supervisors." Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996). For this reason, "[u]nder Title VII, suits against individuals must proceed in their official capacity; personal capacity suits are inappropriate." Sauers v. Salt Lake County, 1 F.3d 1122, 1125 (10th Cir. 1993). The same is true for suits under the ADEA. See, e.g., Wight v. Downing, No. 1:06-CV-107 TS, 2008 WL 303918, at *3 (D. Utah Jan. 31, 2008) (noting that Tenth Circuit has cited with approval cases from other jurisdictions holding that ADEA does not permit individual capacity suits); Smith v. RMC Consultants, Inc., No. 03-CV-176-H(C), 2003 WL 22597562, at *1 (N.D. Okla. Oct. 27, 2003) (overwhelming majority of jurisdictions hold individuals not liable under ADEA).

Here, the complaint reflects that plaintiff's employer was TWA Restaurant Group. To the extent that plaintiff asserts Title VII and ADEA claims against Studdard, those claims must proceed against him in his official capacity as a representative of TWA Restaurant Group. Because plaintiff has sued TWA Restaurant Group directly, her official capacity claims against Studdard are redundant. See Sauers, 1 F.3d at 1125 (suing agent employee in official capacity equivalent of suing

[1] The Court may take judicial notice of such records without converting the motion to dismiss into a motion for summary judgment. See JP Morgan Trust Co., Nat'l Ass'n v. Mid-Am. Pipeline Co., 413 F. Supp.2d 1244, 1258 (D. Kan. 2006) (courts routinely take judicial notice of public documents filed with secretary of state).

employer directly). The Court therefore dismisses plaintiff's claims against Studdard.[2] See Lewis v. 4B Corp., No. 03-4194-SAC, 2004 WL 1834641, at *3 (D. Kan. May 12, 2004) (dismissing official capacity claim against store managers under Title VII where plaintiff also sued employer directly).

**IT IS THEREFORE ORDERED** that the Motion To Dismiss Defendant Brian Studdard (Doc. #34) filed June 5, 2008 be and hereby is **SUSTAINED**.

Dated this 16th day of July, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Court

[2] Studdard's brief attaches correspondence in which defendants indicate that they will seek costs associated with the motion to dismiss. Although the Court sustains the motion as a matter of judicial efficiency, it is not inclined to sanction plaintiff for the redundancy in naming Studdard in his official capacity.