## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MADELINE S. EWING,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. 08-2024-CM** |
| ) | |
| ) | |
| **TWA RESTAURANT GROUP, INC., et al.** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

### MEMORANDUM AND ORDER

Plaintiff Madeline S. Ewing brings this *pro se* action against defendant TWA Restaurant Group, Inc. ("TWA"), alleging race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e *et seq.*; and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 621 *et seq.* Before the court is defendant TWA's Motion for Summary Judgment (Doc. 52). For the reasons set out below, the court grants defendant's motion.

### I.     Factual and Procedural Background

Plaintiff is a white female, born April 2, 1951. Defendant is a corporation that manages Captain D's restaurants in the Kansas City area. At relevant times, Tyrone Farley, an African-American male, worked as General Manager of the Captain D's in Mission, Kansas. On August 28, 2006, Farley hired plaintiff to work as a cashier. However, plaintiff had trouble learning and performing the duties required of her. Farley terminated plaintiff's employment on September 8, 2006, because plaintiff was unable to learn how to operate the cash register or satisfactorily perform the cashier function.

Bypassing defendant's internal complaint resolution policy for reporting alleged discrimination or harassment, plaintiff filed a joint charge of discrimination with the Kansas Human Rights Commission and the Equal Employment Opportunity Commission ("EEOC") in February 2007, alleging discrimination on the basis of race, sex, retaliation, and age.

Plaintiff filed this case on January 9, 2008.  (Doc. 1).  On April 15, 2008 Magistrate Judge O'Hara issued a "Notice and Order to Show Cause" why plaintiff's case should not be dismissed for lack of prosecution.  Specifically, plaintiff had refused to participate in a required case management conference, and orders from the court had been returned unclaimed.  Judge O'Hara warned plaintiff that, "in order to pursue her claims, plaintiff needs to actively participate in her case by complying with the court's orders and rules.  Otherwise, the court may dismiss her case with prejudice, which means she will never be able to assert these same employment discrimination claims in another case."  (Doc. 20).

One day after the Order's April 21, 2008, deadline, plaintiff submitted a letter to the court indicating that plaintiff: (1) had not found an attorney, (2) was busy with other employment; (3) was late receiving the Order; (4) "was treated very badly" by defendant; and (5) "want[s] what the honorable judge thinks just [and] fair."  (Doc. 21).  Overlooking her tardiness, the court found plaintiff had shown good cause and permitted her another chance to cooperate with the court and participate in the management of her case.  (Doc. 22).  In deposition, she asserted that Farley pinched her ribs, and called her "babe" or "sugar."

As the only remaining defendant in this case, (Doc. 40), TWA filed the instant motion for summary judgment on November 17, 2008.  (Doc. 52).  Although plaintiff filed a letter dated November 18, 2008, with the court, the plaintiff did not otherwise file a timely response to the

defendant's pending motion.[1]  Nor did plaintiff respond to this court's January 12, 2009, Order to Show Cause, which directed plaintiff to file a response to defendant's motion by January 26, 2009. (Doc. 55).  Therefore, the court considers defendant's dispositive motion without the benefit of plaintiff's response, and considers all facts set out by defendant in that motion to be uncontroverted. D. Kan. R. 7.4; Fed. R. Civ. P. 56.

## II.     Legal Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

While this court construes pro se pleadings liberally, plaintiff's pro se status does not excuse her from the burden of coming forward with some "specific factual support," other than conclusory allegations, to support her claims.  *Douglass v. Gen. Motors Corp.*, 368 F. Supp. 2d 1220, 1228 (D. Kan. 2005) (citing *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988).

## III.    Discussion

Plaintiff's complaint alleges "race, sex, retaliation, [and] age" discrimination occurred during her employment at defendant's Captain D's restaurant.  She claims that she was discriminated against for "being a white female." (Doc. 1, at 4).  She alleges sexual discrimination and "physical

---

[1]  Plaintiff's letter states simply: "I want justice.  I was pinched in the ribs + treated differently.  I was fired by the black general manager who did it.  I feel I owe them nothing as I was the victim + I couldn't believe how dishonest he is." (Doc. 54.)

abuse" in the form of "grabbing [her] side." (Doc. 1, at 3). In support of her age discrimination claim, she alleges that "most people there were younger." (Doc. 1, at 4). Finally, she claims her employment was terminated in retaliation for her complaint.

Defendant argues that it is entitled to summary judgment because, based on the uncontroverted facts, plaintiff is unable to meet the standards for establishing a prima facie case of race, sex, or age discrimination, or retaliation. This court agrees.

As in this case, where direct evidence of discrimination is absent, race, gender, and age discrimination claims are to be analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Sanders v. Sw. Bell Tel., L.P.*, 544 F.3d 1101, 1105 (10th Cir. 2008). Under the burden-shifting of *McDonnell Douglas*, the plaintiff must initially establish a prima facie case of discriminatory discharge. 411 U.S. at 802. Then, defendant must offer a legitimate, nondiscriminatory reason for its employment decisions. 411 U.S. at 802–03; *Randle v. City of Aurora*, 69 F.3d 441, 451 (10th Cir. 1995). If the defendant does so, then the burden reverts to the plaintiff "to show that there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual *i.e.*, unworthy of belief." *Marx v. Schnuck Mkts, Inc.*, 76 F.3d 324, 327 (10th Cir. 1996).

A prima facie case is a flexible standard, adjusted to fit "the context of the claim and the nature of the adverse employment action alleged." *Plotke v. White*, 405 F.3d 1092, 1099 (10th Cir. 2005). Generally speaking, to establish a prima facie case of race, sex, or age discrimination, or retaliation plaintiff must prove: (1) she is a member of a protected class; (2) she qualified for the postition or was doing satisfactory work; (3) she was terminated; and (4) the termination occurred under circumstances giving rise to an inference of unlawful discrimination. *See Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1166 (10th Cir. 2007) (quoting *Plotke*, 405 F.3d at 1100).

Plaintiff's race and sex discrimination claims, as with her retaliation claim, arise under Title VII, which provides that "[i]t shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's race . . . [or] sex." 42 U.S.C. § 2000e-2(a)(1).

### A.    Race Discrimination

Because plaintiff is a member of the historically favored white group, the court interprets her race discrimination claim as one of reverse discrimination. A reverse discrimination claim requires a stronger showing to establish a prima facie case. A plaintiff alleging reverse discrimination "'must, in lieu of showing that [s]he belongs to a protected group, establish background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the majority.'" *Argo v. Blue Cross and Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1201 (10th Cir. 2006) (citing *Notari v. Denver Water Dep't*, 971 F.2d 585, 589 (10th Cir. 1992)). "Alternatively, a plaintiff may produce facts 'sufficient to support a reasonable inference that but for plaintiff's status the challenged decision would not have occurred.'" *Id.*

Here, plaintiff offers absolutely no evidence of background circumstances tending to indicate defendant discriminates against the majority. Aside from the fact that plaintiff was white and the manager, Farley, was black, plaintiff provides no evidence that defendant discriminated against other white employees, or that, but for her race, she would not have been terminated from the cashier position. Plaintiff's conclusory allegation that there was a black employee who was treated better than her because he was promoted cannot, alone, support an inference of discrimination. Plaintiff was unable to identify this employee, or establish that he and she were similarly situated, or come forward with any facts to establish a prima facie case. Defendant is entitled to judgment as a matter of law on plaintiff's reverse race discrimination claim.

**B.     Sex Discrimination**

Because it is unclear whether plaintiff is alleging sex discrimination based on disparate

treatment or hostile work environment, this court evaluates whether defendants are entitled to

summary judgment on either.  To establish a prima facie case of disparate treatment, plaintiff must

prove membership in a protected class; satisfactory work performance; termination; and less

favorable treatment than others not in the protected class.  *See Sanchez v. Denver Pub. Sch.*, 164

F.3d 527, 531 (10th Cir. 1998).  Although plaintiff is in a protected class and was terminated, she

has offered no evidence that she was qualified for the position, or that she was performing

satisfactorily.  On the contrary, the uncontroverted facts establish that plaintiff did not do

satisfactory work.  Nor has she sought to prove that she was treated less favorably than other male

employees, aside from her assertion that an unidentified black male employee was promoted.

Plaintiff is unable to overcome the presumption that, when the same person hires and fires an

employee within a relatively short time—here, just two weeks—discrimination is not a motivating

factor.  *See Burney v. County Comm'rs of County of Shawnee, Kansas*, 413 F. Supp 2d 1195, 1200

(D. Kan. 2006).  Accordingly, she cannot meet her burden to prove the prima facie case for disparate

treatment.

Plaintiff is also unable to establish a prima facie case for hostile work environment, which

requires her to show—in addition to her status as a member of a protected class—that the conduct in

question was unwelcome; that it was based on sex; that it was sufficiently severe or pervasive to

create an abusive working environment; and that some basis exists for imputing the liability to the

employer.  *Jones v. Wichita State Univ.*, 528 F. Supp. 2d 1196, 1214 (D. Kan. 2007) (citing *Harsco

Corp. v. Renner*, 475 F.3d 1179, 1186 (10th Cir. 2007)).  Assuming without deciding that plaintiff

was, in fact, pinched in the side and called "babe" or "sugar," and that such treatment was

unwelcome, plaintiff fails to establish that the conduct was based on sex, or that it was sufficiently severe to create a hostile work environment.  She does not allege, nor do the facts suggest, that these were proposals of sexual activity motivated by sexual desire, or that the conduct was motivated by a general hostility toward members of one gender in the workplace.  *Id*. at 1215 (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998), for evidentiary routes a plaintiff may use to prove that discrimination is based on sex).   Nor does plaintiff offer comparative evidence about how the defendant treated members of each sex in a mixed-sex workplace.  *Id*.  Accordingly, defendant is entitled to summary judgment on plaintiff's sex discrimination claim.

### C.      Age Discrimination

The ADEA provides that "it shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. . . ." 29 U.S.C. § 623(a)(1).  To prevail in an ADEA claim, plaintiff  "must establish that age was a determining factor in the employer's challenged decision."  *Lucas v. Dover*, 857 F.2d 1397, 1400 (10th Cir. 1988) (quoting *EEOC v. Sperry Corp.*, 852 F.2d 503, 507 (10th Cir. 1988)).

To establish a prima facie case, plaintiff must prove: (1) she is within the protected age group; (2) she was doing satisfactory work; (3) she was discharged; and (4) she was replaced with a younger person.  *Miller v. Eby Realty Group LLC*, 396 F.3d 1105, 1111 (10th Cir. 2005).  Although plaintiff was in the protected age group and was terminated, she has offered no evidence that she was doing satisfactory work, or that she was replaced with a younger person.  Uncontroverted facts establish that plaintiff did not do satisfactory work.  Accordingly, she cannot meet her burden to prove the prima facie case of age discrimination.

### D.      Retaliation

Title VII makes it unlawful for an employer to discriminate against an employee for "oppos[ing] any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3(a). To successfully invoke this anti-retaliatory provision, plaintiff "must establish that retaliation played a part in the employment decision," *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1224 (10th Cir. 2008), by relying "on the familiar three-part *McDonnell Douglas* framework to prove that the employer's proffered reason for its decision is a pretext for retaliation." *Id*. at 1225 (quotation omitted).

To establish a prima facie case of retaliation, plaintiff must show that (1) she engaged in protected opposition to Title VII or ADEA discrimination; (2) she suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action." *Fye*, 516 F.3d at 1227 (quotation omitted). In the pretrial order, plaintiff alleges that she was terminated after she complained about alleged discrimination based on race, sex, and age. However, the only evidence of a complaint prior to her termination was a comment to a co-worker that "he [Farley] pinched me in the ribs." The court is disinclined to find that this comment qualifies as protected opposition, which requires that an employee convey to her employer her concern that the employer has engaged in unlawful discrimination. *See Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187 (10th Cir. 2008.) However, even if plaintiff's general comment to her coworker constituted a protected complaint of harassment or discrimination, there is no evidence that Farley was aware of the complaint when he terminated her employment. There is no evidence that plaintiff complained to Farley, or to anyone at TWA. Her first discrimination claims were made to the Kansas Human Rights Commission and the EEOC over five months after her termination. Accordingly, she cannot meet her burden to prove the prima facie case of retaliation.

**D.     Conclusion**

-8-

Plaintiff fails to establish a prima facie case of race, sex, or age discrimination, or retaliation. Even if plaintiff could establish a prima facie case of race, sex, or age discrimination, or retaliation, defendant has offered a legitimate, nondiscriminatory reason for its employment decision, namely that plaintiff was unable to learn or satisfactorily perform her job functions.  The court finds that there is absolutely nothing in the record to indicate that plaintiff was terminated due to her race, sex, or age, or out of retaliation for opposing allegedly unlawful employment practices.  Therefore, plaintiff is incapable of meeting her burden of demonstrating defendant's reason for terminating her was pretextual.  Accordingly, plaintiff's Title VII and ADEA claims cannot survive summary judgment.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Doc. 52) is granted.  This action is dismissed.

Dated this 12th day of March, 2009, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**