IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MADELINE S. EWING,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 08-2024-CM |
| ) | |
| **TWA RESTAURANT GROUP, INC., et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

Plaintiff Madeline S. Ewing brought this action, *pro se* and *in forma pauperis*, against defendant TWA Restaurant Group, Inc. ("TWA"), alleging race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*.; and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. Defendant filed a Motion for Summary Judgment (Doc. 52). Plaintiff failed to respond. Nor did plaintiff respond to this court's subsequent Order to Show Cause (Doc. 55). Without the benefit of a response brief, this court evaluated the merits of plaintiff's claims and granted summary judgment in favor of defendant TWA, concluding plaintiff had failed to establish a prima facie claim of discrimination. Plaintiff filed a notice of appeal, and her appeal has been docketed in the Tenth Circuit Court of Appeals. (Appeal No. 09-3071.) Defendant has filed a Motion for Attorney's Fees and Suggestions in Support (Doc. 66).

This court has not lost jurisdiction to enter a fee award merely because the case has been appealed. *See Bell v. Bd. of County Comm'rs of Jefferson County*, 451 F.3d 1097, 1101 (10th Cir. 2006); *City of Chanute, Kan. v. Williams Natural Gas Co.*, 955 F.2d 641, 658 (10th Cir. 1992)

*overruled on other grounds by Systemcare, Inc. v. Wang Laboratories Corp.*, 117 F.3d 1137 (10th Cir. 1997) ("The law is well settled [that] the district judge retains jurisdiction over the issue of attorneys' fees even though an appeal on the merits of the case is pending."). Nevertheless, the interests of judicial efficiency and fairness weigh in favor of waiting for a mandate from the Tenth Circuit before awarding or denying attorney's fees in this case. *See* Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendments (stating that during appeal, the court may rule on a claim for attorney's fees, defer ruling, or deny the motion without prejudice); *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 226 (2d Cir. 2004). Furthermore, consideration of an award would not be appropriate at this time given defendant's failure to satisfy the requirements of Local Rule 54.2. D. Kan. Rule 54.2; *see also* Fed. R. Civ. P. 54(d)(2)(D). The court therefore denies defendant's motion without prejudice. Defendant shall have 14 days from the date of a Tenth Circuit mandate to renew its motion, if not moot, accompanied by a consultation statement in accord with Rule 54.2. *See* Fed. R. Civ. P. 54(d)(2)(B) (providing that the court may alter the time for filing the motion).

**IT IS THEREFORE ORDERED** that defendant's Motion for Attorney's Fees and Suggestions in Support (Doc. 66) is denied without prejudice. Defendant may renew its motion, if not moot, in accord with Local Rule 54.2 within 14 days of the date the Tenth Circuit issues a mandate in this case.

Dated this 10th day of April 2009, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**